IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY DOWNEY BICKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-140-GKF-FHM |
| ) | |
| STATE OF OKLAHOMA *ex rel.* ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, and ) | |
| FNU ROWLAND, and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss for Want of Jurisdiction [Dkt. #6] of defendant State of Oklahoma *ex rel.* Oklahoma Department of Corrections ("DOC").

On March 6, 2007, plaintiff Jay Downey Bickel ("Bickel") filed his Complaint [Dkt. #2] against DOC. On April 6, 2007, DOC moved for dismissal on the grounds of Eleventh Amendment immunity. On May 16, 2007, Bickel filed a First Amended Complaint [Dkt. #8], in which he dropped DOC as a party defendant and added "FNU[1] Rowland" and John Doe defendants. Bickel has not responded to DOC's Motion to Dismiss, nor has he sought leave to drop a party defendant under Fed. R. Civ. P. 21.

There is a division of authority on the issue of whether an amendment dropping a party requires leave of court under Fed. R. Civ. P. 21, even though made at a time when, under Fed. R. Civ. P. 15(a), amendment might be made as of course. *See e.g.* Jean F. Rydstrom, *Necessity of Leave of Court to Add or Drop Parties by Amended Pleading Filed Before Responsive Pleading is*

---

[1] In Paragraph 2 of his First Amended Complaint, Bickel defines "FNU" as first name unknown.

*Served, under Rules 15(a) and 21 of Federal Rules of Civil Procedure,* 31 A.L.R. FED. 752 (1977). It appears that the Tenth Circuit Court of Appeals permits amendment as a matter of right. *U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1019 (10th Cir. 1994). If such is indeed the law in this circuit, DOC's Motion to Dismiss is moot.

Federal Rule of Civil Procedure 21 provides "[p]arties may be dropped . . . by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In the event the law of this circuit is to require strict adherence to Rule 21, the Court hereby orders that DOC be dropped as a party defendant. DOC's Motion to Dismiss would therefore be moot on this alternative basis.

**WHEREFORE**, the Motion to Dismiss for Want of Jurisdiction of Defendant State of Oklahoma *ex rel.* Oklahoma Department of Corrections [Dkt. #6] is moot. The court hereby directs the Court Clerk to terminate State of Oklahoma *ex rel.* Oklahoma Department of Corrections as a party defendant to this action.

**IT IS SO ORDERED** this 24th day of September 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma